IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO MERINO, | ) | No. C 11-5739 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| CHAPUT, et cl., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. For the reasons stated below, the court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't,

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.11\Merino739disftsc.wpd

1  901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3  elements: (1) that a right secured by the Constitution or laws of the United States was violated,
4  and (2) that the alleged deprivation was committed by a person acting under the color of state
5  law. West v. Atkins, 487 U.S. 42, 48 (1988).

6  B.  Plaintiff's Claims

7  Plaintiff claims that Deputies Chaput, Munoz, and Prudhel threw away some of his
8  personal property for no reason except to "make [him] mad and stressed." However, neither the
9  negligent nor intentional deprivation of property states a due process claim under § 1983 if the
10  deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981)
11  (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds,
12  Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984)
13  (intentional destruction of inmate's property). The availability of an adequate state post-
14  deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient
15  procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot
16  foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for
17  post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due
18  process). California law provides such an adequate post-deprivation remedy. See Barnett v.
19  Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Nor is a
20  prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his
21  property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

22  Because plaintiff's allegation involves a random and unauthorized deprivation of
23  property not cognizable under section 1983, the complaint must be dismissed. Although the
24  court generally grants leave to amend after an initial screening of a complaint under 28 U.S.C.
25  § 1915A, the court concludes that here, leave would serve no purpose as a viable civil rights
26  claim cannot be made concerning plaintiff's allegation. Accordingly, the instant complaint is
27  DISMISSED for failure to state a cognizable claim under § 1983.

28

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.11\Merino739disftsc.wpd     2

**CONCLUSION**

The instant complaint is DISMISSED for failure to state a cognizable claim under § 1983. The clerk shall close the file.

IT IS SO ORDERED.

DATED: _____    *Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO I MERINO, | Case Number: CV11-05739 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| REDWOOD CITY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Merino 1135080
San Mateo County Jail
3WC03
300 Bradford Street
Redwood City, CA 94063

Dated: March 6, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk